Dear Mr. DeCuir:
This office is in receipt of your opinion request regarding the method of selecting the student board member to the Board of Supervisors of Southern University and Agricultural and Mechanical College (hereinafter "SU Board of Supervisors"). Specifically, you questioned "whether or not the rotational method of selection of members from the council of student body presidents is legally allowable, or must there be an annual election by the council of presidents without regard to the campus which they represent."
The SU Board of Supervisors adopted in its By-Laws a policy for the selection of the student board member. That policy is found in Part I (C) and reads as follows:
 (C) Membership. The Board shall be composed of two members from each congressional district of the State, and one member from the State at large, all appointed by the Governor, with the consent of the Senate, and one student member. The student member shall be selected on a rotational basis from the President of the Student Government Associations and the Student Bar Association of institutions under the supervision and management of the Board of Supervisors. (Emphasis supplied)
According to information supplied to this office, the student board member that served on the SU Board of Supervisors always served on a rotational basis from the Student Government Association (hereinafter "SGA") presidents who were elected from Southern University — Baton Rouge, Southern University New Orleans and Southern University Shreveport and Student Bar Association (hereinafter "SBA") president from the Southern University Law Center.
LSA-R.S. 17:3201.A., regarding the Application of Chapter 26 of Title 17 to systems of public education of the state, provides:
 Except as otherwise specifically provided in this Chapter, the provisions of this Chapter shall apply in the same manner and to the same extent to the, the Board of Supervisors of Southern University and Agricultural and Mechanical College, and any other board vested with the supervision and management of institutions of postsecondary education thereafter created.
As you noted in your letter to this office, LSA-R.S. 17:1806 is the statute that provides for the selection of a student board member to the SU Board of Supervisors as well as the other systems of postsecondary public education in the state. LSA-R.S. 17:1806.A.(1), as amended through Act 93 of the 2001 Regular Session of the Louisiana Legislature, states:
 There shall be one student member on the Board of Supervisors for the University of Louisiana System, on the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and on the Board of Supervisors of Southern University and Agricultural and Mechanical College. Each such student member shall be selected by and from the membership of a council composed of the student body presidents of the colleges, and universities under the management and supervision of the respective boards. (Emphasis supplied).
Louisiana Civil Code Article 9 states, in pertinent part:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Further, the pertinent part of LSA-R.S. 1:3 reads as follow:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. The word "shall" is mandatory and the word "may" is permissive.
It is apparent from the clear language of LSA-R.S. 17:1806.A.(1), that one student shall be selected as a member of the SU Board of Supervisors. The student member shall be selected "by and from" the membership composed of the SGA and SBA presidents from the universities in the Southern University System (hereinafter "the council"). The Universities in the Southern University System consist of Southern University-Baton Rouge, Southern University-New Orleans, Southern University-Shreveport, and Southern University Law Center. Without clear constitutional or statutory power to do so, the SU Board of Supervisors cannot ignore LSA-R.S. 17:1806 by adopting a policy which would have the effect of taking the selection process away from the council.
As noted in your letter, the logic behind the SU Board of Supervisors' policy is apparent. The SU Board of Supervisors' policy ensures that each university in the Southern University System would have an opportunity to be represented on the board on a rotational basis. In fact, LSA-R.S.17:3121.1 mandates that the Board of Regents "establishes a procedure for the election of the student member by the newly-elected council of student body presidents to assure representation from each management system under the board's jurisdiction within a reasonable number of years." In other words, LSA-R.S. 17:3121.1 mandates that the Board of Regents establish some type of rotation system for the selection of their student board member. Therefore, the council could adopt the policy established by the SU Board of Supervisors, which provides that the student board member be selected on some type of rotational basis, or they may choose to adopt another policy, which would ensure periodic representation by each university in the Southern University System. Either way, LSA-R.S. 1806.A.(1) mandates that the decision on who to select and how that selection should be done belongs to the council.
In conclusion, LSA-R.S. 17:1806.A.(1) states that the student member of the SU Board of Supervisors shall be selected "by and from" the body composed of the SGA and SBA presidents from the universities in the Southern University System. Without clear constitutional or statutory power to do so, the SU Board of Supervisors cannot ignore LSA-R.S. 17:1806
by adopting a policy which would take the selection process away from the student body presidents from the universities in the Southern University System.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs
DATE RELEASED: June 19, 2002